# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

MILTON LEE MARTIN,                                      PLAINTIFF

V.                                                 NO. 1:05CV282-D-B

JAMES HARRELSON, ET AL,                             DEFENDANTS

## O P I N I O N

      This matter is before the court, *sua sponte*, for consideration of dismissal. Plaintiff, who is awaiting trial for alleged armed robbery and burglary in Lee County, Mississippi, files this complaint pursuant to 42 U.S.C. § 1983. The defendants are Lee County, Lee County Sheriff Jim Johnson, and James Harrelson, a sheriff's investigator. Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

      Plaintiff was arrested by defendant Harreslson on a burglary charge. Plaintiff states that he was subjected to an improper lineup, has not had a preliminary hearing, was not furnished appointed counsel in a timely manner, is being subjected to an *ex post facot* law, and that he has been denied compulsory process.

      After carefully considering the contents of the *pro se* complaint and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

      When a prisoner brings a § 1983 action seeking damages, the trial court must ascertain whether a judgment in favor of the plaintiff in the § 1983 action would necessarily imply the invalidity of his conviction or sentence. *Heck v. Humphrey*, 512 U.S. 477, 129 L.Ed.2d 383, 114 S.Ct. 2364, 2372 (1994). If it would, the prisoner must show that his conviction has been

"reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus" in order to state a claim. *Id*. at 114 S.Ct. 2373. If not, dismissal of the § 1983 action is appropriate.

Plaintiff's allegations clearly are covered by *Heck*. While a judgment in favor of the plaintiff would not "necessarily imply the invalidity of his conviction or sentence," since there has not yet been a conviction, such judgment clearly would result in plaintiff's release from incarceration. As in *Heck, id.*, before a cause of action arises under §1983 plaintiff must first show that the reason for his confinement has been "expunged, invalidated, or impugned by a writ of habeas corpus." Since plaintiff has not so demonstrated, his complaint is premature and is legally frivolous under 28 U.S.C. § 1915(d). Consequently, it should be dismissed with prejudice. *Stephenson v. Reno*, 28 F.3d 26 (5th Cir. 1994).

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of November, 2005.

/s/ Glen H. Davidson  
CHIEF JUDGE